IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MINNESOTA

MARJORY BAILEY, an individual, Plaintiff,

v.

BEST BUY CO., INC., a Minnesota Corporation, and MIDEA AMERICA CORP., a New Jersey Corporation,

Defendants.

Case No. 24-cv-01860 (DWF/DJF)

**PROTECTIVE ORDER**

This matter is before the Court on the Defendants' *Stipulated Discovery Confidentiality and Protective Order* ("Stipulated Order") (ECF No. 25). The Court **APPROVES** the Stipulated Order **IN PART**.[1] Based on the Stipulated Order and for good cause shown, the following shall govern discovery in this case:

1. <u>Scope and Application of Protective Order.</u> This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party"), regardless of whether the person or entity producing or receiving the Confidential Information is a party.

---

[1] Material modifications to the parties' proposal are highlighted for ease of reference.

2. <u>Definitions.</u>

2.1. <u>Confidential Information</u>. "Confidential Information" means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples:

- personally identifiable information
- medical records
- taxes and other financial records
- accounting or financial statements (not including publicly available financial statements)
- trade secrets
- commercial, financial, pricing, budgeting, revenue, profit, or accounting information
- information about existing and potential customers
- marketing studies and projections
- business strategies, decisions, or negotiations
- compensation, evaluations, and employment information
- proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships
- Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in any applicable case law; contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.
- Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

- Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

- Any other information whose disclosure could cause an invasion of privacy or competitive business harm.

A protective order is warranted because Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

2.2. *Documents*. The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs.

3. Designation of Confidential Information.

3.1. *Good Faith Claims*. All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2. <u>Produced Documents</u>. Any party may reasonably designate any document, or portion thereof, containing Confidential Information as "Confidential" by (a) labeling the document to be so designated substantially as follows: "CONFIDENTIAL"; or (b) notifying the other party in writing or on the record in deposition or in Court that the document should be treated as "Confidential" pursuant to this Order.

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential Information" or otherwise clearly indicate that it contains information subject to this Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

The Parties agree to provide adequate security to protect data produced by the other party or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Protective Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

3.3. <u>Interrogatory Answers</u>. If a party answering an interrogatory believes that its answer contains Confidential Information, it shall answer in a separate document that is designated as Confidential Information. The answers to interrogatories not containing Confidential Information should make reference to the separately produced document containing the answers designated as Confidential, but such document should not be attached to the interrogatories.

3.4. <u>Inspections of Documents</u>. If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

3.5. <u>Deposition Transcripts</u>.  No person except those permitted access to Confidential Information by this Order can attend depositions when Confidential Information is disclosed.  Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

3.6. <u>Multipage Documents</u>.  A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

4. <u>Designations by Another Party.</u>

4.1. <u>Notification of Designation</u>.  If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by notifying all parties in writing within 30 days of service of the document.

4.2. <u>Return of Documents</u>.  Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party within thirty (30) days of the final adjudication of this action.

5. <u>Objections to Designations</u>.

5.1. <u>Notice of Objection</u>.  Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party and all other parties of the objection in writing within 30 days of receiving the designation or, if a document is first produced fewer than 30 days before trial, within half of the time remaining before trial. This provision does not limit the parties' ability to seek relief under <u>Fed. R. Civ. P. 37</u>.

This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

5.2. <u>Conference Regarding Objection</u>.  The parties with an interest in resolution of the objection shall confer within 14 days after such objection to attempt to resolve their differences unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have 21 (twenty-one) days after the conference to file a motion to remove the Confidential Information designation.

    5.3. <u>Treatment after Objection Is Raised.</u>  All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation.

  6. <u>Custody</u>.  All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

  7. <u>Handling of Confidential Information Before Trial</u>.

    7.1. <u>Authorized Disclosures</u>.  Confidential Information shall be disclosed by the receiving party only to the following persons:

     a. Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

     b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

     c. Deposition and trial witnesses;

     d. Experts and their staff who are consulted by counsel for a party in this litigation;

     e. Parties and their employees and insurers with a discernible need to know;

     f. In-house counsel and paralegals;

      g.    Vendors employed by counsel for copying, scanning, and handling of documents and data; and

      h.    The Court and its staff.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

Persons having knowledge of Confidential Material shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation unless the disclosure is required by a court order.

If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

      7.2.    <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving party has obtained a written acknowledgment from such person, in the form in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

      7.3.    <u>Disclosure to Competitors</u>. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation.

If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

      7.4.    <u>Unauthorized Disclosures</u>

All persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

      7.5.    <u>Court Filings</u>.

==This Protective Order does not authorize the filing of any document under seal.==

Confidential Information may be filed only in accordance with Local Rule 5.6.[2]

The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the producing party may seek an appropriate Court Order to protect the Confidential Material.

8. <u>Care in Storage</u>. All persons having Confidential Information shall exercise reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking.

9. <u>Handling during Trial</u>. Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court.

10. <u>No Implied Waivers</u>. The entry of this Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any document or information under this Order an admission that it is admissible in evidence.

11. <u>Inadvertent Failure to Designate as Confidential</u>. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential

---

[2] The Court directed the parties multiple times not to file a proposed protective order that authorizes filing under seal. (ECF Nos. 20, 21 and 26.) Nevertheless, the parties' proposal included language directing that Confidential Information be filed under seal. The Court expects counsel to take more care in reading and complying with the Court's orders in the future.

Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Order. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

      12.    <u>Inadvertent Disclosure of Privileged Documents or Information.</u>  This Order is entered pursuant to and invokes the maximum protections allowed under Federal Rule of Evidence 502(d) with regard to privileged material. The inadvertent disclosure of privileged material shall be governed by this Order.  If a producing party unintentionally produces privileged material in connection with this litigation and thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), subject to the terms of this Order, the disclosure of said information shall not alone constitute, or be deemed a waiver or forfeiture of, any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

    A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party. Then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

    A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the receiving party shall

immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

13. <u>Parties' Own Documents</u>. This Order does not restrict the parties in their use or disclosure of their own documents and information.

14. <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

15. <u>Application of this Order to Productions by Third Parties.</u> This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential or Highly Confidential – Attorneys' Eyes Only.

If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material ==if the parties cannot reach agreement== after the parties confer.

In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at

the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

16. <u>No Effect on Other Rights</u>.  This Order does not abrogate or affect any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

17. <u>Handling upon Conclusion of Litigation</u>.  This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.  All parties, counsel, and persons to whom disclosure was made shall return or destroy all Confidential Information to the designating party within 90 days of the conclusion of litigation upon the request of the producing party.  Counsel shall certify in writing that all such Confidential Information has been returned or destroyed.  Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned.  In lieu of returning Confidential Information, the person or party possessing it may destroy it and certify such destruction in writing.

18. <u>Modification</u>: This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19. <u>Persons Receiving Confidential Information Must Sign Exhibit A:</u> Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as **Appendix A** prior to the disclosure of Confidential Material.

**IT IS SO ORDERED.**

Dated: January 29, 2025

*s/ Dulce J. Foster*
Honorable Dulce J. Foster
Magistrate Judge of U.S. District Court